FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 11 2014 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

– against –

JOEL GILKES,

Defendant.

13-CR-575

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the Guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On December 6, 2013, Joel Gilkes pled guilty to Count One of a two-count Indictment charging him with the importation of cocaine into the United States. *See* 21 U.S.C. §§ 952(a), 960(b)(3). Count Two was dismissed.

Defendant arrived in New York on a commercial flight from Guyana on September 16, 2013. During a routine examination, customs officials found that defendant's suitcase had an unusual odor and appeared abnormally heavy at the bottom. They probed the bottom of the suitcase and found that defendant was transporting cocaine.

Gilkes was sentenced on May 27, 2014. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The total offense level is fifteen and defendant's criminal history is category I. The Guidelines range of imprisonment is between eighteen and twenty-four months. *See* Gov't Sentencing Mem., April 18, 2014, ECF No. 16; U.S. Sentencing Comm., *Guidelines Manual*, § 5E1.2(c)(3),(4) (Nov. 2012). Calculation of the total offense level included a two-point "safety valve" reduction, a three-point adjustment for defendant's acceptance of responsibility, and a four-point reduction for his minimal role. *See* U.S. Sentencing Comm., *Guidelines Manual*, § 5K3.1 (Nov. 2012). Defendant's offense level was reduced an additional four levels pursuant to the Government's recommendation for application of the newly adopted early disposition program for couriers and an additional two levels under the new Department of Justice policy that credits defendants charged with drug crimes two points if they agree to forgo a motion under 18 U.S.C. § 3582(c) when the new Sentencing Guidelines drug table becomes effective in November. *See* Gov't Sentencing Mem., April 18, 2014, ECF No. 16.

The maximum term of imprisonment is twenty years, with a maximum fine of $1,000,000.00. *See* 21 U.S.C. §§ 952(a), 960(b)(3). The offense to which the defendant pled guilty permits probation for a term of not less than one year or greater than five years. *See* 18 U.S.C. § 3561(c)(1). The Guidelines advise against probation. *See* U.S. Sentencing Comm., *Guidelines Manual*, § 5B1.1, comment. (n.2) (Nov. 2012).

Gilkes was sentenced to incarceration for one year and one day and three years of supervised release. A $100 special assessment was imposed. There was no fine because defendant does not have any assets, and it is unlikely that he will have any in the near future to pay a fine.

Respectful consideration was given to the Sentencing Guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. *See* 18 U.S.C. § 3553(a).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Gilkes imported cocaine into the United States. This is a serious offense.

Gilkes's role was limited to that of a courier. While he has no prior convictions, he participated as a "lookout" in a drug smuggling conspiracy on one prior occasion.

Gilkes grew up in poverty in Guyana. When defendant was young, his father abandoned the family. His mother supported the family. For days at a time defendant went without enough food. As a child he was physically and mentally abused by his mother. Gilkes dropped out of secondary school after the eleventh grade in order to help support his family.

Defendant suffers from serious physical problems for which he would receive better treatment outside of prison. While in custody defendant had a swollen testicle, which caused him pain when walking and urinating. Despite requesting medical treatment, he had to wait several months before finally having necessary surgery. He still suffers some pain from this condition. He received a head injury at the age of eighteen. As a result, he suffers from occasional dizziness. These physical problems have made the time he has served particularly difficult and painful.

In Guyana Gilkes's wife gave birth to a child in April 2014. He has three other children with a woman from a previous relationship in Guyana. He has maintained a stable relationship with his wife and his children.

After his release from prison, defendant will be taken into custody by the United States Immigration and Customs Enforcement agency. He will then be promptly deported to Guyana, where he can reunite with his family. There he can help support and raise his children.

Gilkes had previously hoped to have his wife and children join him in the United States. His felony conviction and deportation will prevent him from achieving this goal.

Under Section 3553(a)(2)(B) of title 18, a sentencing court must consider two major factors: general and specific deterrence. General deterrence is satisfied by the felony conviction and its collateral consequences, including his deportation from the United States. Specific deterrence has been substantially achieved. Defendant has expressed genuine remorse. It is unlikely that he will engage in further criminal activity.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: May 29, 2014
      Brooklyn, New York

5